THEODORE LOVELAND AND JAMES L. RECORDS, PARTNERS USING THE FIRM NAME OF EQUITABLE MANUFACTURING COMPANY, *Plaintiffs in Error*, v. W. L. PERKINS AND DIXON LUMBER COMPANY, A CORPORATION, PARTNERS USING THE FIRM NAME OF W. L. PERKINS & COMPANY, *Defendants in Error*.

1. Where the propriety or sufficiency of pleas is not questioned, and the defenses presented are not immaterial, and issue is joined on them, objections to questions merely introductory, and to questions tending to elicit evidence in support of the pleas, are properly overruled.

2. Where there is a conflict of evidence upon the issues made by the pleadings this court will not ordinarily sustain an objection made on a motion for a new trial that the verdict is contrary to law and the evidence.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hamilton County.

The facts in the case are stated in the opinion of the court.

*H. J. McCall,* for plaintiffs in error;

*Roberson, Small & Stephens,* for defendants in error.

HOCKER, J.—The plaintiffs in error sued the defendants in error in the circuit court of Hamilton county in an action at law. The declaration contained the ordinary common counts for goods, wares and merchandise bargained and sold, for money lent, for money paid, and money found to be due, and a special count as follows:

"For that the said defendants became and are indebted to the plaintiff in the sum of one hundred and ninety-seven dollars and sixty cents for goods, wares and merchandise bargained and sold by the plaintiffs to the defendants, and the said defendants being thus indebted to the plaintiffs did on the————day of————, 1903, execute and deliver to the plaintiffs their written agreement wherein they promise to pay said amount of $197.60 in three—six—nine and twelve months after the date thereof. That the said plaintiffs bargained and sold said goods to defendants and have in all respects complied with and performed their part of said contract and yet the defendants have failed and refused to pay for said goods, wares and merchandise so bargained and sold to them as aforesaid, a copy of said written agreement is hereto attached." No copy of the agreement is attached to the declaration contained in the record here.

The defendants filed a plea to the declaration wherein they in substance allege a total failure of consideration

on which the contract sued on was based, in that on the day of           , 1903, the defendants entered into a contract with the plaintiffs, a copy of which is attached to the files in the cause, by which the plaintiffs promised and agreed to ship defendants not more than $197.60 of goods, etc., together with a nice show case and fixtures large enough to tastefully display said goods, etc.; that plaintiffs' salesman, a few moments immediately preceding the time of signing, execution and delivery of said contract, did exhibit to the defendants samples of said goods, etc., and represented them to be the same in quality and material as those mentioned in the contract, and in consideration of the faithful execution of said contract by the plaintiffs, defendants executed said contract. Defendants aver that the plaintiffs did not carry out and perform said contract, in this, that the plaintiffs did not ship the show case as they contracted to do, nor the assortment of the goods, etc., the same in quality and material as the samples shown defendants, but did ship under the false pretense that the goods etc. were the same in quality and material as shown to defendants by plaintiffs' salesman, an assortment of goods which were not the same in quality and material which defendants received from the transportation companies. The goods were found to be of inferior quality. The plea then proceeds to state at length that the goods which were to be of gold plate were brass or other substance not contracted for, and of inferior quality. It can be mentioned here that the articles contracted for were called jewelry. The defendants then in their plea allege that within two days after the arrival of the goods they repacked the same and delivered them to a railroad company and billed them back to the plaintiffs, and notified the plaintiffs of the return of the goods and defendants' reason for refusing to receive and accept them.

There is also a second plea which briefly alleges that the contract sued on is without any consideration.

The plaintiffs joined issue on these pleas, and a trial before a jury was had resulting in a verdict and judgment for the defendants. A writ of error was taken from this judgment.

The first three assignments question the rulings of the court permitting the defendants to propound the following questions to their witness W. L. Perkins. They are as follows:

1st. "Did you have a conversation with reference to the kind and quality of the jewelry before the execution of the contract?

2nd. "State whether or not in signing that contract you were ordering of the plaintiffs in this case articles of jewelry of like kind and quality and character as those exhibited to you by Mr. Sullivan their agent.

3rd. "Mr. Perkins, were the goods you received from the plaintiffs and which they shipped you purporting to be the goods mentioned in the written contract, were they the goods which you ordered from the plaintiffs?"

The only objection to these questions was that they sought to vary the terms of a written contract. The witness who was one of the defendants had testified that he negotiated with a Mr. Sullivan who was the agent of the plaintiffs, in making the contract for the jewelry. It is apparent that two of the questions were intended, as the answers to them show, to elicit testimony in proof of the pleas upon which issue had been joined. The other question was merely introductory. The propriety or sufficiency of the pleas are not questioned before this court by any objection to them made in the court below The issues presented by them were not immaterial and consequently the defendant had the right to prove them if he could do

so.   Clyde Steamship Co. v. Burrows, 36 Fla. 121, 18 South. Rep. 349.  We find no error in the rulings of the court.

The fourth and last assignment of error is based on the ruling of the court denying a motion for a new trial, and under this, it is contended that the verdict was contrary to the law and evidence.  As we have said the trial was had upon the issues made by the pleadings.  There was some conflict in the evidence, but the defendants' testimony tended strongly to prove the truth of their pleas.  The conflict in the testimony presented a question for the decision of the jury, and we do not feel authorized to reverse it.

The judgment of the circuit court is affirmed.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.